UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH FOWLER,

     Plaintiff,

v.                                                      Case No. 8:26-cv-116-KKM-AEP

AARON HOTHEM et al.,

     Defendants.

_____

## ORDER

Plaintiff Keith Fowler sues Tampa Police Department Officers Aaron Hothem and Kyle Brown, and a third, unknown officer under 42 U.S.C. § 1983 for claims related to Fowler's arrest. *See* Compl. (Doc. 1). Officers Hothem and Brown move to partially dismiss Fowler's claims. Mot. (Doc. 14). Fowler opposes. Resp. (Doc. 15). For the reasons explained below, I grant the defendants' motion.

## I.  BACKGROUND

On January 15, 2024, Fowler and his son departed Raymond James Stadium after a Tampa Bay Buccaneers football game. Compl. ¶ 9. While Fowler and his son walked to their vehicle, a group of fans "approached [Fowler] and his son in a threatening manner, attempting to cause violence to [them]." *Id.* ¶ 10. All three officers observed the interaction, and Fowler

approached Officer Hothem and asked him to detain the unruly fans. *Id.* ¶¶ 11–12. Hothem ignored Fowler's request, and the group of fans "attacked" Fowler and his son. *Id.* ¶ 13. Officer Brown "and another uninvolved officer were able to detain some of the unruly fans," permitting Fowler and his son to temporarily escape. *Id.* ¶ 14. But "[a]s [Fowler] was gathering his steps to leave from the assault, Defendant Hothem deployed his taser and delivered a long period of electric voltage to [Fowler's] body." *Id.* ¶ 16. Officer Brown and the third officer "joined in on the assault" and "began to deliver strikes to [Fowler] while attempting to place [him] in handcuffs." *Id.* ¶ 17. Fowler suffered a fractured finger. *Id.* ¶ 18. Hothem then arrested Fowler, who was charged with resisting arrest without violence. *Id.* ¶¶ 19–20. The State ultimately dropped the charge against Fowler "[a]fter reviewing [b]ody [w]orn [c]amera" footage of the incident. *Id.* ¶ 21.

Fowler brings four claims under 42 U.S.C. § 1983: unlawful arrest in violation of the Fourth Amendment against all defendants (Count I); excessive force in violation of the Fourth and Fourteenth Amendments against all defendants (Count II); failure to intervene in violation of the Fourth and Fourteenth Amendments against Officer Brown and the unnamed Tampa police officer (Count III); and malicious prosecution in violation of the

2

Fourteenth Amendment against Officer Hothem.[1] *See* Compl. ¶¶ 22–87. Brown moves to dismiss Counts I and III, and Hothem moves to dismiss Count IV. *See* Mot. at 1.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual

---

[1] Although Fowler originally labeled this claim "Failure to Intervene," he filed a notice to correct that label as a scrivener's error. *See* Notice (Doc. 6).

allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.   ANALYSIS

Officers Brown and Hothem contend that Fowler fails to state claims against them and that they are entitled to qualified immunity. "The qualified immunity defense shields 'government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (citation modified).

"To receive qualified immunity, [a] public official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). Because neither side disputes that the defendants were acting within the scope of discretionary authority as police officers, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194.

"To overcome a qualified immunity defense, the plaintiff must make two showings." *Corbitt*, 929 F.3d at 1311. The plaintiff must first show "that the defendant violated a constitutional right." *Griffin Indus., Inc. v. Irvin*, 496 F.3d

4

1189, 1199 (11th Cir. 2007). The plaintiff must then "show that the violation was clearly established." *Id.* "A right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Gilmore v. Ga. Dep't of Corr.*, 144 F.4th 1246, 1258 (11th Cir. 2025) (en banc) (citation modified). For this second inquiry, the key question "is whether the state of the law gave the defendants 'fair warning' that their alleged conduct was unconstitutional." *Vaughan v. Cox*, 343 F.3d 1323, 1332 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

Ordinarily, "it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Corbitt*, 929 F.3d at 1311 (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). "Once an officer has raised the defense of qualified immunity, the burden of persuasion on that issue is on the plaintiff." *Id.* (quoting *St. George*, 285 F.3d at 1337).

### A. Count I – Unlawful Arrest

Fowler first alleges that Brown "willfully, unlawfully, and unreasonably, arrested [Fowler] without probable cause to do so," in violation of the Fourth

Amendment.[2] Compl. ¶¶ 27–29. In response, Brown argues that Fowler fails to allege "that Brown knew or should have known that *arguable* probable cause did not exist." Mot. at 4 (emphasis in original). I agree that Fowler's complaint does not allege the absence of arguable probable cause.

An unlawful or false arrest claim "challenges as constitutionally deficient an officer's on-the-spot determination of probable cause." *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024). So, "[t]o succeed on a false-arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest." *Brooks v. Miller*, 78 F.4th 1267, 1281 (11th Cir. 2023). An officer is entitled to qualified immunity, though, where he had "arguable probable cause, that is, where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest the plaintiff." *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citation modified); *see Wilkerson v. Seymour*, 736 F.3d 974, 978 (11th Cir. 2013) (explaining that "what counts is the information known to the defendant officers or officials at the time of their conduct") (citation modified).

---

[2] Elsewhere, however, Fowler alleges that he "was arrested by Defendant Hothem for Affray and Resisting Arrest Without Violence." Compl. ¶ 19. Although perhaps inconsistent, I read Fowler's complaint to allege that all "three Officers [were] involved in the unlawful arrest." *Id.* ¶ 8.

Here, the facts alleged in Fowler's complaint do not establish that Brown lacked arguable probable cause to arrest Fowler. Fowler alleges that the three officers, including Brown, observed unruly fans threaten Fowler and his son. Compl. ¶¶ 10–11. Brown then "detaine[d] some of the unruly fans, which enabled [Fowler] to escape [from] the assault he was receiving from the unruly fans." *Id.* ¶ 14. As Fowler "was gathering his steps to leave from the assault," Hothem tased Fowler. *Id.* ¶ 15. It is unclear from the complaint where Brown was, or what he was doing, at the precise moment Hothem initiated the use of force. *See* Mot. at 7. But at some point while Fowler was "being tased," Brown attempted to place Fowler in handcuffs to effectuate his arrest. Compl. ¶ 17; *see also* Resp. at 3 (explaining that Fowler was arrested "after attempting to disengage from the altercation").

I agree with Brown that these facts suggest, at most, "that Brown arrived after the fight was already in progress and helped to break it up." Mot. at 5. Fowler counters that "[t]he fact that Brown helped [Fowler] escape from the assault by detaining the actual aggressors supports an inference that Brown knew or should have known that [Fowler] was . . . acting in self-defense." Resp. at 3. Fowler tries to prove too much. Rather, Brown observed an affray involving Fowler and others, perhaps saw Fowler using some level of force, *see* Resp. at 3, and then observed Hothem deploy his taser as Fowler gather[ed] his steps to leave," Compl. ¶ 16. In fact, if Brown perceived that Fowler

7

attempted to flee from Hothem, that reasonable belief—even if mistaken—would have provided arguable probable cause for the arrest. *See Manners v. Cannella*, 891 F.3d 959, 969–70 (11th Cir. 2018) (holding that officers had probable cause to arrest plaintiff for fleeing police officers even though no probable cause existed for believing a crime had been committed).

Based on the totality of the circumstances—including Hothem's use of force to subdue a fleeing individual—a reasonable officer in Brown's position could have believed that there was probable cause to arrest Fowler for his part in the broader altercation. Accordingly, Count I is dismissed without prejudice as against Brown.

### B. Count III – Failure to Intervene

Next, Fowler alleges that Officer Brown "engaged in the conduct of not intervening during Defendant Andrew Hothem's excessive use of force," in violation of Fowler's Fourth and Fourteenth Amendment rights. Compl. ¶ 64. Brown argues that he "reasonably presumed that Hothem had probable cause for an arrest or sufficient reason to use the taser" in subduing Fowler. Mot. at 7. Again, I agree with Brown.

An officer may be liable under Section 1983 for failure to intervene in two scenarios. First, "[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be liable for failing to intervene, so long as he was in a position to

8

intervene yet failed to do so." *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020) (citation modified); *see Byrd v. Clark*, 783 F. 2d 1002, 1007 (11th Cir. 1986) (stating that "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983."). Alternatively, "a non-arresting officer may be liable for failing to intervene in an unlawful arrest 'if he knew the arrest lacked any constitutional basis and yet participated in some way.'" *Giddens v. Brooks County*, No. 21-11755, 2022 WL 836273, at *4 (11th Cir. Mar. 21, 2022) (per curiam) (quoting *Wilkerson*, 736 F.3d at 980)).

Fowler does not allege either scenario here. To be sure, Brown participated in the arrest and thus did not intervene to stop it. But although Fowler avers in conclusory fashion that there was no probable cause for his arrest, he does not allege sufficient facts to demonstrate that Brown was on notice either that Hothem's use of force was excessive or that the arrest was otherwise unlawful. Brown observed Fowler involved in an affray with multiple "unruly fans" and then saw Hothem deploy his taser as Fowler "was gathering his steps to leave from the assault." Compl. ¶¶ 14, 16; *see* Resp. at 3 (conceding that Fowler "defended himself when attacked, and was then arrested after attempting to disengage from the altercation"). But it remains unclear exactly what else, if anything, Brown witnessed. From Brown's

9

perspective, then, it would not have been unreasonable to believe that Hothem's use of force was justified because Fowler was fleeing from the police after being involved in some sort of physical altercation with others. *See, e.g.*, *Zivojinovich v. Barner*, 525 F.3d 1059, 1073 (11th Cir. 2008) (explaining that in a "difficult, tense and uncertain situation the use of a taser gun to subdue a suspect who has repeatedly ignored police instructions and continues to act belligerently toward police is not excessive force" (citation modified)). Likewise, Fowler does not explain why Brown should have known the "arrest lacked any constitutional basis." *Wilkerson*, 736 F.3d at 980. As explained above, the facts are sufficient to establish arguable probable cause for Fowler's arrest based on the conduct discernable to Brown.

In sum, an officer in Brown's position could have reasonably concluded that Hothem lawfully deployed his taser to subdue Fowler—who admittedly used force in some capacity—fleeing "from the altercation." Resp. at 3. Fowler thus fails to allege that Brown violated his constitutional rights. Accordingly, Count III is dismissed without prejudice as against Brown.

### C. Count IV – Malicious Prosecution

Finally, Fowler alleges that Officer Hothem "initiated and continued a criminal prosecution against [Fowler] by arresting him and charging him with Affray and Resisting Arrest Without Violence, despite lacking probable cause to believe Plaintiff had committed any criminal offense." Compl. ¶ 79. Further,

10

Fowler claims that Hothem "knowingly or recklessly caused the prosecution to proceed by misrepresenting facts, omitting material exculpatory evidence, and failing to conduct a reasonable investigation, including disregarding body-worn camera evidence." *Id.* ¶ 80. Hothem rightly argues that Fowler's unsupported allegations fail to state a claim. *See* Mot. at 7–10.

To succeed on a malicious prosecution claim, a plaintiff must prove both "(1) the elements of the common-law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures."[3] *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018). In other words, a plaintiff must prove: (1) "the legal process justifying [the plaintiff's] seizure was constitutionally infirm"; (2) the "seizure would not otherwise be justified without legal process"; and (3) "the criminal proceedings against [the plaintiff] terminated in his favor." *Sylvester*, 94 F.4th at 1329 (quoting *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020)). A showing of probable cause or arguable probable cause defeats a malicious prosecution claim. *See id.* at 1331.

Fowler fails to plead a malicious prosecution claim against Hothem because his factual allegations are entirely conclusory. Fowler says only that

---

[3] "The constituent elements of the common law tort of malicious prosecution include: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (quoting *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003)) (citation modified).

Hothem "misrepresent[ed] facts, omit[ed] material exculpatory evidence, and fail[ed] to conduct a reasonable investigation." Compl. ¶ 80. Fowler does not identify specific facts or exculpatory evidence, nor does he explain how Hothem failed to investigate. At most, Hothem "disregard[ed] body-worn camera evidence," *id.*, although Fowler does not mention whose body-worn camera was at issue or otherwise describe the evidence. These 'naked assertion[s]' devoid of 'further factual enhancement' " necessarily fail to state a claim for malicious prosecution against Hothem. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see Johnson v. Darnell*, 781 F. App'x 961, 964 (11th Cir. 2019) (per curiam) (affirming dismissal of malicious prosecution claim where the plaintiff did not "specifically allege what evidence was fabricated").

Even had Fowler lodged additional factual allegations, Fowler still fails to allege that Hothem seized him pursuant to legal process. Unlike false arrest or failure to intervene claims, a malicious prosecution claim "requires a seizure 'pursuant to legal process.' " *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (quoting *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016)). "[W]arrant-based seizures fall within this category," as do "seizures following an arraignment, indictment, or probable-cause hearing." *Id.* A warrantless arrest, on the other hand, is the quintessential seizure "without legal process." *Id.*; *see Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004); *Donley v. City of Morrow*, 601 F. App'x 805, 814 (11th Cir. 2015) (per curiam).

12

Should he file an amended complaint, Fowler must allege that Hothem seized him pursuant to legal process to state a malicious prosecution claim.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1.   Defendants' Motion to Dismiss (Doc. 14) is **GRANTED.**

2.   Counts I and III of the Complaint are **DISMISSED WITHOUT PREJUDICE** as against Defendant Kyle Brown. Count IV of the Complaint is **DISMISSED WITHOUT PREJUDICE** as against Defendant Aaron Hothem.

3.   No later than **April 6, 2026**, Fowler may file an amended complaint.

**ORDERED** in Tampa, Florida, March 23, 2026.

Kathryn Kimball Mizelle
United States District Judge

13